**MACIOCI, FISHER & STEWART**
ATTORNEYS AND COUNSELORS AT LAW
130 TOURO STREET
NEWPORT, RHODE ISLAND 02840
401/846-4700 Fax: 401/847-9116
E-MAIL: IHSPY1@aol.com

December 4, 2003

BY FACSIMILE and
REGULAR MAIL
(203) 579-5704

The Honorable Stefan R. Underhill, U.S.D.J.
United States District Court
    District of Connecticut
915 Lafayette Boulevard
Bridgeport, CT 06604

RE:    **Edward Orr v. Reliance Standard Life Insurance Company**
        **C.A. No.: 3:02cv1457SRU**
        **Clarification of Administrator Issues**

Dear Judge Underhill:

      During Wednesday's hearing, you inquired as to whether Reliance Standard was the administrator **and** payor of the claim and I informed that it was.

      However, I have been advised that Reliance Standard was **not** the plan administrator. They were a fiduciary to whom the employer delegated decision making authority. Reliance was responsible for making eligibility decisions as well as paying benefits that are owed.

      We suggest that Krizek v. Cigna Group Insurance, 345 F.3d 91 (2nd Cir.2003) provides guidance regarding whether the administrative record can be expanded. It provides that "[o]ur case law requires a "demonstrated conflict of interest". DeFelice, 112 F.3d at 67 (emphasis added), which places an affirmative burden on the plaintiff to establish that the plan administrator was sufficiently conflicted so as to expand the administrative record."[fn2]

      FN2 District Courts have emphasized a plaintiff's burden to allege facts, with sufficient specificity, that would support the existence of "good cause" permitting the admission of additional evidence beyond the administrative record. See, e.g. Hotaling v. Teachers Ins. Annuity Association of America, 62 F.Supp.2d 731, 738 (N.D.N.Y. 1999) (finding no conflict of interest where plaintiff "fail[ed]to allege, with any specificity, whether 'good cause' exists sufficient to permit the introduction of additional evidence" and commenting that a court should not exercise its discretion to expand the record "in cases where a party fails to demonstrate,

beyond mere speculation or conjecture, that the 'administrative record is inadequate" (citing DeFelice, 112 F.3d at 65)); see also Sheehan v. Metropolitan Life Ins. Co., No.01 Civ. 9182, 2002 WL1424592, at *4 (S.D.N.Y. June 28, 2002) (noting that a plaintiff must demonstrate a conflict of interest or other good cause to present evidence outside the administrative record and therefore concluding that a proper subject for discovery was whether the plan administrator was conflicted when it terminated the plaintiff's benefits).

The Krizek Court continued and stated" [a]more prudent and judicially efficient approach would be for district courts to resolve the conflict issue in advance and, only upon a finding of "good cause," permit the parties to introduce evidence beyond the administrative record."

In addition, the Court instructed the parties to advise by December 12, 2003, whether the case could be settled and whether they, respectively, would agree to participate in a settlement conference with a Magistrate Judge. Reliance Standard would like to participate in a conference.

Thank you for your attention.

Respectfully yours

Gary N. Stewart

GNS/rt
Cc: Attorney Sheffy (via facsimile only)