

# MACIOCI, FISHER & STEWART
ATTORNEYS AND COUNSELORS AT LAW
130 TOURO STREET
NEWPORT, RHODE ISLAND 02840
401/846-4700 FAX: 401/847-9116
E-MAIL: IHSPY1@aol.com

December 4, 2003

BY FACSIMILE and
REGULAR MAIL
(203) 579-5704

The Honorable Stefan R. Underhill, U.S.D.J.
United States District Court
District of Connecticut
915 Lafayette Boulevard
Bridgeport, CT 06604

RE:  Edward Orr v. Reliance Standard Life Insurance Company
     C.A. No. 3:02cv1457SRU
     Clarification of Administrator Issues

Dear Judge Underhill:

During Wednesday's hearing, you inquired as to whether Reliance Standard was the administrator **and** payor of the claim and I informed that it was.

However, I have been advised that Reliance Standard was **not** the plan administrator. They were a fiduciary to whom the employer delegated decision making authority. Reliance was responsible for making eligibility decisions as well as paying benefits that are owed.

We suggest that <u>Krizek v. Cigna Group Insurance</u>, 345 F.3d 91 (2nd Cir.2003) provides guidance regarding whether the administrative record can be expanded. It provides that "[o]ur case law requires a "demonstrated conflict of interest". <u>DeFelice</u>, 112 F.3d at 67 (emphasis added), which places an affirmative burden on the plaintiff to establish that the plan administrator was sufficiently conflicted so as to expand the administrative record."[fn2]

FN2 District Courts have emphasized a plaintiff's burden to allege facts, with sufficient specificity, that would support the existence of "good cause" permitting the admission of additional evidence beyond the administrative record. See, e.g. <u>Hotaling v. Teachers Ins. Annuity Association of America</u>, 62 F.Supp.2d 731, 738 (N.D.N.Y. 1999) (finding no conflict of interest where plaintiff "fail[ed]to allege, with any specificity, whether 'good cause' exists sufficient to permit the introduction of additional evidence" and commenting that a court should exercise its discretion to expand the record "in cases where a party fails to demonstrate,

*The motion for settlement conference is denied as moot. So Ordered.*
*Stefan R. Underhill*
*United States District Judge*
*03/12/04*